UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Rayvon E. Parker, | ) |
| | ) |
| | ) Case No. 2019 C 00820 |
| Plaintiff, | ) |
| | ) Judge: Steven C. Seeger |
| v. | ) |
| | ) |
| City of Chicago, | ) |
| Officers Miles, Farias, Cuevas, | ) |
| Sgt. Cortese, Jagielski, Menagh, Miller, | ) |
| Detective McDermott, Detective Timothy | ) |
| Larmon, ASA Pavlinski, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant City of Chicago, jointly with Defendants Chicago Police Officers Nathaniel Myles[1], Roger Farias, Guadalupe Cuevas, Raymond Jageilski, Shaun Menagh, Michael Miller, and Chicago Police Sergeant Cortesi[2] (collectively "Defendants"), by and through its attorneys, Mark A. Flessner, Corporation Counsel of the City of Chicago, and Mark Haines, Assistant Corporation Counsel, submit their Answer, Affirmative Defenses and Jury Demand to Plaintiff's Amended Complaint at Law, stating as follows:

**INTRODUCTION**

1. On June 4, 2017, Chicago Police Officers Myles, Farias, Guevas, Sgt. Cortese, Jagielski, Menagh and Miller, effectuated a warrantless arrest of me after their illegal entry into an apartment I has a reasonable expectation of privacy.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

---

[1] Although spelled "Miles" in the caption of the complaint, the correct spelling of the officer's last name is "Myles."
[2] Although spelled "Cortese" in the caption of the complaint, the correct spelling of the officer's last name is "Cortesi."

1

2. December 21, 2018, Circuit Court Judge Erica L. Reddick granted a motion to suppress evidence illegally seized by defendant officers in my favor.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

3. By way of the suppression of evidence illegally seized, armed habitual criminal, UUW by felon charges stemming from my unlawful arrest June 4, 2017, were dropped.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

4. Officer Farias testified at my motion to suppress evidence illegally seized hearing in front of Judge Erica L. Reddick that I was not observed committing a criminal offense.

**ANSWER**: Defendant Farias denies the allegations contained in this paragraph. The remaining defendants lack knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

5. Farias not any other CPD Officers had not seen me commit a criminal offense, therefore her honor ruled that CPD officers had no probable cause to arrest me.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

6. The armed robbery charges came after my unlawful arrest and were also dropped January 4, 2019, due to her honors ruling that my fourth amendment constitutional rights were violated.

**ANSWER**: Defendants deny that the armed robbery charges came after his unlawful arrest and lack knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph.

7. June 4, 2017, by all defendant officers named above, Detective McDermott and Detective Timothy Larmon of the CPD falsified documents that a judged used to determine probable cause as is necessary for further detention.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

8. Detective McDemott and Detective Larmon are liable for the unlawful pretrial detention of my person under the Fourth Amendment.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

9. I am suing all named defendants in their individual and official capacity for violated of my fourth amendment and office misconduct.

**ANSWER:** Defendants admit Plaintiff purports to sue all named defendants in their individual and official capacity, buy deny violating his fourth amendment rights and committing misconduct.

10. Detective Timothy Larmon gave false testimony to a grand jury with total disregard for the truth.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

11. Assistant State's Attorney Pavlinski alongside Detective Larmon presented evidence to a grand jury that both knew to be false.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

12. The evidence was not initially presented to them in their professional compacity by a reasonable credible witness or victim.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

13. The false statements were presented with malice, recklessness and deceit.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

14. The testimony present to the grand jury is perjury.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

15. Therefore, ASA Pavlinski is liable for my unlawful pretrial detention under the Fourth Amendment and also for official misconduct and malicious prosecution.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

16. All defendant's names above are public officials employed with the City of Chicago. I am suing all named defendants for pain and suffering.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

**WHEREFORE**, Defendants pray this Honorable Court enter judgment in their favor and against Plaintiff on all counts, award them fees and costs, and for any such further relief, this Court deems just.

## **AFFIRMTIVE DEFENSES**

1. Defendant Chicago Police Officers are government officials, namely police officers, who performed discretionary functions. At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted the Defendant Chicago Police Officers could have believed his or her actions to be lawful, in light of clearly established law and the information that the Individual Defendants possessed. Defendant Chicago Police Officers are therefore entitled to qualified immunity on Plaintiff's claims under federal law.

2. To the extent that Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principal that Plaintiff has a duty to mitigate, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

3. Defendant Chicago Police Officers cannot be held liable for Plaintiff's 42 U.S.C. § 1983 claims unless each individually caused or participated in an alleged constitutional deprivation because individual liability for damages under 42 U.S.C. § 1983 is predicated upon personal responsibility. *See Kuhn v. Goodlow*, 678 F.3d 552, 556 (7th Cir. 2012).

4. Absolute Testimonial Immunity: To the extent that any of the Defendant Chicago Police Officers testified during Plaintiff's underlying criminal proceedings, they are absolutely immune from civil liability for any claim that they committed, or conspired to commit, perjury in the course of their testimony during the judicial proceedings in Plaintiff's underlying criminal case. *Rehberg v. Paulk*, 132 U.S. 1497 (2012); *Briscoe v. LaHue*, 460 U.S. 325 (1983); *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011) (absolute immunity shields a person from § 1983 liability for testimony in judicial process); see also *Khorrami v. Rolince*, 539 F.3d 782, 789 (7th Cir. 2008) (noting that the Seventh Circuit

4

has recognized that absolute immunity extends to a police officer's participation in pretrial proceedings).

5. Defendant City is not liable to plaintiff if its employees or agents are not liable to the plaintiff. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1989).

## **JURY DEMAND**

Defendants request a trial by jury.

Dated: October 28, 2019.

> Respectfully submitted,
>
> */s/Mark C. Haines*
> Mark Haines
> Assistant Corporation Counsel
> One of the attorneys for Defendants

Jason Marx, Assistant Corporation Counsel Supervisor
Dortricia Penn, Assistant Corporation Counsel
Mark Haines, Assistant Corporation Counsel
City of Chicago Law Department
30 North LaSalle Street, Suite 900
Chicago, IL 60602
(312) 74-3982 (Phone)
(312) 744-6566 (Fax)
Attorney No. 6287914

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| Rayvon E. Parker, | ) |
| | ) |
| | ) Case No. 2019 C 00820 |
| Plaintiff, | ) |
| | ) Judge: Jorge L. Alonso |
| v. | ) |
| | ) |
| City of Chicago, | ) |
| Officers Miles, Farias, Cuevas, | ) |
| Sgt. Cortese, Jagielski, Menagh, Miller, | ) |
| Detective McDermott, Detective Timothy | ) |
| Larmon, ASA Pavlinski, | ) |
| | ) |
| Defendants | ) |

### NOTICE OF FILING AND CERTIFICATE OF SERVICE

Rayvon Parker
#20190328178
P.O. Box 089002
Chicago, IL 60608

    **PLEASE TAKE NOTICE** that on this 28th day of October, 2019, I have caused to be e-filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division **DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**, a copy of which is herewith served upon you.

    I hereby certify that I served the attached document to each party to whom it is addressed on October 28, 2019, by mailing a copy, proper postage prepaid, from 30 North LaSalle Street, Chicago, Illinois.
.

    By: */s/ Mark C. Haines*
    Mark C. Haines
    Assistant Corporation Counsel